

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
06/13/2012

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ROBERT M. PHILLIPS and | ) | CASE NO. 12-80200-G3-13 |
| ENID M. PHILLIPS, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has held an evidentiary hearing on the "Debtors' Motion to Waive Wage Order and Allow Plan Payment by ACH" (Docket No. 6).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Robert M. Phillips and Enid M. Phillips ("Debtors") filed a voluntary joint petition under Chapter 13 of the Bankruptcy Code on April 20, 2012.

Debtors' Schedule I, which was filed with the petition, indicates that Mr. Phillips receives $1,058.10 per month in income from social security or other government assistance, and that Mrs. Phillips receives $2,711.95 in net income from her

employment as a nurse technician at Clear Lake Regional Medical Center.  (Docket No. 1).

Debtors have proposed a plan calling for them to make 41 monthly payments, each in the amount of $1,432.00, to the Chapter 13 Trustee.  (Docket No. 2).

In the instant motion, Debtors seek to make payments through an automated clearinghouse draft from Debtors' bank account, rather than through an order directed to Mrs. Phillips' employer directing that the payments be deducted from her pay.

In support of the instant motion, Mrs. Phillips testified that her primary concern was that the human resources department at her employer would not keep confidential the fact that she had filed a bankruptcy.  She testified that she became aware of other employees' garnishments, which she believes should have been kept confidential.

Mrs. Phillips also testified that she has experienced fear of adverse consequences if her employer is aware that she is in bankruptcy.  She testified that one co-worker whose wages were being garnished at a time when that co-worker had intended to switch jobs had the new employment offer withdrawn.

Mrs. Phillips testified that she does not have first hand knowledge of anyone having been fired for having had deductions made from their pay in order to make Chapter 13 plan payments.

Debtor testified that she intends to return to school to get an additional degree.  She testified that after she gets an additional degree, she anticipates switching jobs.[1]

### Conclusions of Law

Section 1325(c) of the Bankruptcy Code provides:

(c) After confirmation of a plan, the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee.

11 U.S.C. § 1325(c).

Bankruptcy Local Rule 1007-1(d) provides:

(d) In all Chapter 13 Cases, the debtor must file with the plan:

>(1) If the debtor is a wage or salary employee, the debtor must file a wage order with service on the Trustee; or

>(2) If the debtor is not a wage or salary employee, the debtor must file

>>(A) a proposed Order For EFT Payments (Online Banking) and Debtor's Certification; or

>>(B) a proposed Order For ACH Payments and Debtor's Certification, each on the form promulgated from time to time by the Court.

>(3) If the debtor feels there are extraordinary circumstances justifying an exception to (1) or (2) above, file a motion to allow direct payment of funds to the Trustee.

---

[1] The court notes that, under Debtors' schedules I and J, there does not appear to be any source of funds at this time for Debtor's further education.  Debtors' schedules I and J reflect monthly net income of $1,432.05.  (Docket No. 1).  Debtors' plan proposes to pay $1,432.00 per month to the Chapter 13 Trustee. (Docket No. 2).

Bankruptcy Local Rule 1007-1(d).

The purpose of the requirement of a wage order is "virtually eliminating the otherwise substantial risk that the debtor may divert future income required under the plan to other purposes, thereby jeopardizing the success of the entire proceedings."  8 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1325.12[1] (16th ed. 2012).

In determining whether to permit payments by a debtor who is a wage or salary employee other than by a wage order, the court balances the purpose behind the requirement of a wage order with the circumstances of the debtor.  In extraordinary circumstances, the court may allow the payment to be made other than by a wage order.

In the instant case, although it is a very close call, the circumstances set forth in Mrs. Phillips' testimony are sufficiently extraordinary to permit variance from the requirement of a wage order.  While there is no clear history of job loss as a result of filing a Chapter 13 case, and Mrs. Phillips' work is not financially sensitive, such that the filing of a Chapter 13 case might make an employer question her fitness for a job, Mrs. Phillips' credible testimony is that there have been adverse employment consequences for employees at her place of business whose wages have been garnished.  The court

4

concludes, based on the totality of the circumstances, that the instant motion should be granted.[2]

Based on the foregoing, a separate Judgment will be entered granting the "Debtors' Motion to Waive Wage Order and Allow Plan Payment by ACH" (Docket No. 6).

Signed at Houston, Texas on June 13, 2012.

*[signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[2]Mrs. Phillips' fear of the fact of her having filed the instant case being disclosed, while legitimate, is not a sufficient reason for granting the relief requested.